UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,
a Florida Corporation,

      Plaintiff,

vs.

Boogie Media, LLC and
Slava Krasnov,

      Defendants.
_____/

CASE NO.

**AMENDED COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff, Roca Labs, Inc., by and through its undersigned counsel, sues the Defendants, Boogie Media, LLC and Slava Krasnov, and alleges:

**PARTIES**

1. Plaintiff, Roca Labs, Inc. ("Roca" or "Plaintiff"), is a Florida corporation with its principal place of business in Hillsborough County, Florida.

2. On information and belief, Defendant, Boogie Media, LLC ("Boogie Media"), is a California limited liability company with its principle place of business in Encino, California.

3. On information and belief, Defendant, Slava Krasnov, ("Krasnov"), the owner and Managing Member of Boogie Media, LLC, is a resident of Encino, California located at 18034 Ventura Blvd, Ste. 145, Encino, CA, 91316.

4. Boogie Media's Registered Agent for service of process is Max Frid, 8159 Santa Monica Blvd., Suite 200, West Hollywood, California, 90046.

## SUBJECT MATTER JURISDICTION

5. This is an action for trademark infringement under 15 U.S.C. §§ 1114(1) and 1117; for Cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); for violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.204(1), Fla. Stat and for unfair competition under Florida common law.

6. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over the claims arising under Florida law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

7. The Court also has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

## PERSONAL JURISDICTION AND VENUE

8. The Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and the Florida Long Arm Statute, § 48.193, Fla, Stat.

9. On information and belief, this Court has personal jurisdiction over the Defendants because the Defendants operated, conducted, engaged in or carried on a business or business venture in this state and judicial district. § 48.193(1)(a), Fla. Stat.

10. On information and belief, this Court has personal jurisdiction over the Defendants because the Defendants committed a tortious act within this state and judicial district. § 48.193(1)(b), Fla. Stat.

11. On information and belief, this Court has personal jurisdiction over the Defendants because the Defendants engaged in substantial and not isolated activity within this state and judicial district.

12. On information and belief, this Court has personal jurisdiction over Defendant, Boogie Media, because, together with the other Defendant, and as set forth more fully herein, it conducts business within this judicial district related to the unlawful activities at issue in this Complaint, and because the harm suffered by Plaintiff within this District flows directly from such business conducted by Defendants.

13. On information and belief, this Court has personal jurisdiction over Defendant, Krasnov, because, as the Managing Member and principal owner of Boogie Media, and together with Boogie Media as set forth more fully herein, Krasnov conducts business within this judicial district related to the unlawful activities at issue in this Complaint, and because the harm suffered by Plaintiff within this judicial district flows directly from such business conducted by Defendants.

14. On information and belief, personal jurisdiction is also supported by the Defendants' intentional registration and use of a domain name confusingly similar to Plaintiff's registered trademark that link a similar and directly competitive product to those of the Plaintiff on the internet.

15. On information and belief, Defendants intentionally divert internet traffic and customers of Plaintiff to Defendants' websites and product through the unlawful conduct alleged herein causing injury to the Plaintiff within this judicial district.

16. On information and belief, Defendants committed, aided, abetted, contributed to, and/or participated in the commission of acts giving rise to Plaintiff's causes of action within this judicial district including Plaintiff's claims for trademark

infringement, Cybersquatting, violation of the Florida Deceptive and Unfair Trade Practices Act and unfair competition under Florida common law.

17. On information and belief, at all times material to this action, each of the Defendants was the agent, employee, partner and/or alter ego of each other, that the acts of each Defendant were performed in the scope of such relationship; that in performing the acts complained of herein each Defendant acted with the knowledge, consent or permission of the other Defendant; and that each Defendant aided or abetted the conduct of the other Defendant in the acts complained of herein.

18. On information and belief, Defendants, have directly and/or through intermediaries and agents, solicited, advertised (including through the internet), offered to sell, sold and/or distributed products within this judicial district.

19. On information and belief, Defendants, have directly and/or through intermediaries and agents, solicited, advertised (including through the internet), offered to sell, sold and/or distributed products within this judicial district that are directly competitive to those of the Plaintiff by using terms, words, phrases, marks and/or a domain name that imitate, resemble and are confusingly similar to Plaintiffs' federally registered trademarks.

20. On information and belief, Defendants have induced the sale and use of products directly competitive to those of the Plaintiff within this judicial district by using terms, words, phrases, marks and/or a domain name that imitate, resemble and are confusingly similar to Plaintiffs' federally registered trademarks.

21. On information and belief, Defendants maintained minimum contacts within the State of Florida through the internet and otherwise sufficient to satisfy the requirement of due process and Florida's long-arm statute such that the exercise of

jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice.

22. On information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within the Middle District Court of Florida.

## FACTS

23. Roca is in the business of developing, producing and selling food supplements mainly for the weight-loss market to customers worldwide. Roca's sales are conducted primarily through the internet.

24. Roca provides a weight loss alternative to gastric bypass surgery and is successfully helping people win the fight against obesity. Numerous testimonials have been provided by Roca's customers raving about the positive results achieved from Roca's products and services.

25. Roca owns the federally registered marks NATURAL GASTRIC BYPASS (Reg. No. 4138639), GASTRIC BYPASS NO SURGERY (Reg. No. 4138635) and ROCA LABS (Reg. No. 4145897). A true and correct copy of Plaintiff's trademark registration certificates are attached hereto as Composite Exhibit "A". Roca Labs also owns Gastric Bypass Effect™. Roca's above referenced trademarks are collectively referred to as "Roca's Marks or Plaintiff's Marks."

26. Natural Gastric Bypass® is registered in International Class 5 and is used in connection with the manufacture, sale and distribution of food supplements for weight loss. See Composite Exhibit "A".

27. Gastric Bypass No Surgery® is registered in International Class 5 and is used in connection with the manufacture, sale and distribution of food supplements for weight loss. See Composite Exhibit "A".

28. Roca Labs® is registered in International Class 5 and is used in connection with the manufacture, sale and distribution of food supplements for weight loss. See Composite Exhibit "A".

29. Gastric Bypass Effect™ is used in connection with the manufacture, sale and distribution of food supplements for weight loss.

30. Roca's trademark registrations constitute conclusive evidence of ownership of the marks and Plaintiff's exclusive right to use the marks that are being infringed upon and diluted by the Defendants.

31. Roca has spent millions of dollars to extensively promote Roca's Marks including NATURAL GASTRIC BYPASS® (Reg. No. 4138639), GASTRIC BYPASS NO SURGERY® (Reg. No. 4138635), ROCA LABS® (Reg. No. 4145897) and Gastric Bypass Effect™ as well as Roca's branded products through a variety of media, including the internet, in the United States and worldwide.

32. Roca's Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as symbols of Roca, its quality goods, services and its goodwill.

33. At great effort and expense, Roca's Marks have come to identify Plaintiff's goods and services and to distinguish them from the goods and services of others.

34. Roca's Marks are valid, subsisting, un-revoked, un-canceled, famous and/or distinctive within the meaning of 15 U.S.C. § 1125.

35. Subsequent to the registration and use of Roca's Marks, Defendants recently registered the domain names and activated the websites "allnaturalgastricbypass.com" and "betterthangastricbypass.com" that contain material that infringes on several of Roca's Marks. The site allnaturalgastricbypass.com is a colorable imitation of and confusingly similar to Roca's Mark NATURAL GASTRIC BYPASS®.

36. Defendants' websites contain material that violate several of Roca's Marks and link to a product, "Bystrictin," that is in the same class and directly competitive to Roca's food supplement product for weight loss distinctly identified by Roca's Marks and recognized by the public.

37. On information and belief, Defendants link their websites to a weight loss product to trade on the goodwill of Roca by using marks and derivative marks on their sites that imitate and are confusingly similar to several of Roca's Marks to mislead and deceive the consuming public.

38. On information and belief, Defendants are not in the business of weight loss products and rather are a "lead generation" venture in the business of creating traffic to other websites for products they do not in fact own.

39. On information and belief, Defendants are using terms, marks, websites and other material (including but not limited to Gastric Bypass Effect and Natural Gastric Bypass) that constitute and/or contain a colorable imitation of several of Roca's Marks, that closely resemble several of Roca's Marks and that are likely to cause confusion, deceive consumers and direct commerce to competing products to the exclusion of Plaintiff's products.

40. Defendants conduct is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that Defendants' websites and offerings of competing products are authorized by or somehow associated with Plaintiff.

41. Defendants have published sale listings and promotional materials on www.betterthangastricbypass.com, www.AllNaturalGastricBypass.com, and on information and belief on Facebook, You Tube and Vimeo that contain material that infringes upon several of Roca's Marks.

42. Roca sent a cease and desist letter notifying the Defendants that Roca was the owner and exclusive licensee of the well-known Natural Gastric Bypass® trademark and that Defendants were infringing on Roca's intellectual property rights and using several of Roca's Marks to divert internet traffic and customers of Roca to Defendants' web sites and competing products. See Correspondence to Defendants attached hereto as Exhibit "B."

43. Roca requested that Defendants take down or transfer the sites that were infringing on several of Roca's Marks.

44. Defendants failed to comply with Roca's request and continue to use their websites and infringing material to divert consumers from Roca, infringing on Roca's intellectual property rights and diluting several of Roca's Marks, name and good will.

45. The Defendants have used and continue to use terms, words, phrases, marks and a domain name that so resemble several of Roca's Marks to be likely to cause confusion or mistake or to deceive consumers causing Roca to suffer irreparable harm and substantial damages.

46. There is a substantial likelihood of success on the merits of Plaintiff's claims.

47. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

48. Plaintiff has no adequate and complete remedy at law.

49. Defendants will not suffer irreparable harm if an injunction is entered.

50. The public interest weighs in favor of the entry of an injunction under the circumstances.

## COUNT I
## TRADEMARK INFRINGEMENT
## 15 U.S.C. §1117

51. Plaintiff incorporates paragraphs 1 through 50 of the Complaint as if set forth herein.

52. Roca owns valid trademarks entitled to protection including the federally registered marks NATURAL GASTRIC BYPASS® (Reg. No. 4138639), GASTRIC BYPASS NO SURGERY® (Reg. No. 4138635), as well as Gastric Bypass Effect™.

53. Defendants are using the same or similar marks of Plaintiff in commerce including "All Natural Gastric Bypass" and "Gastric Bypass Effect" in connection with the sale or advertising of directly competing goods without the Plaintiff's consent.

54. Defendants are using marks that are a colorable imitation of several of Roca's Marks, that closely resemble Roca's Marks and that are likely to cause confusion, deceive consumers and direct commerce to competing products to the exclusion of Plaintiff's products.

55. Defendants' conduct is likely to cause confusion as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiff.

9

56. Defendants' acts, as alleged herein, with respect to Defendants' infringement of Roca's Marks, are likely to cause public confusion, mistake, or deception, and constitute trademark infringement in violation of 15 U.S.C. §§ 1114(1) and 1117.

57. Defendants' conduct has caused Plaintiff to suffer damages.

**COUNT II**
**CYBERSQUATTING**
**15 U.S.C. § 1125(d)**

58. Plaintiff incorporates paragraphs 1 through 57 of the Complaint as if set forth herein.

59. On information and belief, Defendants registered, trafficked in or used in commerce and in competition with the Plaintiff, an infringing domain name, allnaturalgastricbypass.com (the "Infringing Domain Name") that is confusingly similar to Roca's Natural Gastric Bypass®

60. The Plaintiffs' Marks were distinctive and/or famous and Roca's Mark NATURAL GASTRIC BYPASS® (Reg. No. 4138639) was federally registered at the USPTO at the time Defendants registered and used the Infringing Domain Name and activated websites that contain infringing material.

61. Plaintiffs are informed and believe, and on that basis allege, Defendants registered, trafficked in, or used allnaturalgastricbypass.com in bad faith and with a bad faith intent to profit from Plaintiff's Mark Natural Gastric Bypass®.

62. Defendants do not have any intellectual property rights or any other rights in Plaintiffs' Mark Natural Gastric Bypass®.

63. Plaintiffs are informed and believe, and on that basis allege, that the Infringing Domain Name does not consist of the legal name of any Defendant or a name that is otherwise commonly used to identify any Defendant.

64. Plaintiffs are informed and believe, and on that basis allege, that Defendants have not made any use of the Infringing Domain Name in connection with the *bona fide* offering of any goods or services prior to the use and/or registration of Roca's Natural Gastric Bypass®.

65. Plaintiffs are informed and believe, and on that basis allege, that Defendants registered and used the Infringing Domain Name to divert consumers from Plaintiff's websites to websites and competing products accessible under the Infringing Domain Name for Defendants' commercial gain.

66. Defendants' registration, use, or trafficking in the Infringing Domain Name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d) entitling Plaintiff to relief.

67. By reason of Defendants' acts alleged herein, Plaintiff's remedy at law is not adequate to fully compensate Plaintiff for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief.

68. By reason of Defendants' acts alleged herein, Plaintiff has suffered actionable injury and damages.

69. Plaintiff is entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in an amount of one hundred thousand dollars ($100,000) per domain name infringement.

70. This is an exceptional case making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

## COUNT III
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES

71. Plaintiff incorporates paragraphs 1 through 70 of the Complaint as if set forth herein.

72. Defendants, by their acts aforesaid, have engaged, and are engaging, in unfair methods of competition, and unfair [and] deceptive acts or practices in the conduct of ... trade or commerce" in violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.204(1), Fla. Stat.

73. Defendants' deceptive or unfair trade practices have caused injury and damage to the Plaintiff.

## COUNT IV
## UNFAIR COMPETITION UNDER FLORIDA COMMON LAW

74. Plaintiff incorporates by reference all of its allegations in the preceding paragraphs of the Complaint.

75. On information and belief, Defendants have directly and/or through intermediaries and agents, solicited, advertised (including through the internet), offered to sell, sold and/or distributed products directly competitive to those of the Plaintiff within this judicial district by using terms, words, phrases, marks and a domain name that imitate, resemble and are confusingly similar to several of Plaintiff's Marks.

76. On information and belief, Defendants intentionally promote their business and competing products for commercial gain by intentionally creating a likelihood of confusion between Plaintiff and Defendants as to the source, sponsorship, affiliation, or endorsement of their respective marks, websites and products.

77. Defendants' acts have caused damages and injury to Plaintiff and constitute unfair competition under the common law of the State of Florida.

78. On information and belief, Defendants' acts of unfair competition are willful, wanton, intentional and/or malicious.

79. On information and belief, Defendants' conduct is deceptive or fraudulent and causes a likelihood of consumer confusion between Plaintiff and Defendants as competitors.

80. Defendants have gained a commercial advantage through their acts of unfair competition and caused commercial damage to Plaintiff in lost sales and harm to Plaintiff's goodwill and several of Plaintiffs' Marks.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands entry of judgment in its favor and against Defendants finding and ordering that:

A. Defendants have and are currently infringing, inducing others to infringe, and/or committing acts of infringement in violation of Plaintiff's Marks Natural Gastric Bypass and Gastric Bypass Effect;

B. Defendants are in violation of the Anti-Cybersquatting Consumer Protection Act, that Defendants shall cease using or turn over the infringing website allnaturalgatricbypass.com to Plaintiff and Plaintiff be awarded statutory damages as defined by the Anti-Cybersquatting Consumer Protection Act;

C. Defendants and their officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be permanently enjoined from infringing, inducing others to infringe, and/or committing acts of infringement with respect to Plaintiff's Marks;

D. Defendants violated and continue to violate the Florida Deceptive and Unfair Trade Practices Act, Section, 501.204(1);

E. Defendants have engaged in unfair competition under Florida common law;

F. Plaintiff is entitled to an award of statutory and/or compensatory damages;

G. Damages be awarded to Plaintiff to compensate Plaintiff for each claim set forth in Plaintiff's Complaint;

F. Plaintiff is entitled to an award of pre-judgment interest;

H. This trademark infringement case is exceptional and award Plaintiff its costs and attorneys' fees incurred in this action; and

I. Any other relief as the Court deems just and proper.


DATED October 12, 2012.

Respectfully Submitted,

s/ Vincent Lynch
Vincent Lynch (FBN 0917801)
Trial Counsel for Plaintiff
The Law Offices of Vincent Lynch
4124 W. Leona St.
Tampa, Florida 33629
(813) 992-7717
Vincentlynch222@hotmail.com