```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ROCA LABS, INC.,

    Plaintiff,

v.                                    Case No: 8:12-cv-2231-T-33EAJ

BOOGIE MEDIA, LLC and SLAVA KRASNOV,

    Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff Roca Labs, Inc.'s Motion for Extension of Time to Serve Defendant Slava Krasnov (Doc. # 31), filed on April 5, 2013. The Court denies the Motion as untimely filed and on the merits as follows.

## I. Background and Procedural History

On October 2, 2012, Roca Labs, Inc. initiated this trademark infringement, cybersquatting, unfair competition, and Florida Deceptive and Unfair Trade Practices Act case against Boogie Media, LLC and its owner Slava Krasnov. (Doc. # 1). Roca Labs filed an Amended Complaint against the Defendants on October 12, 2012. (Doc. # 5).

On November 2, 2012, Defendants filed a Motion for Extension of Time to Respond to Complaint. (Doc. # 8). Therein, counsel for Defendants indicated: "As of this date, and upon information and belief, neither Defendant has been properly served." (Id. at ¶ 3). Counsel for Defendants

further indicated, "assuming service was properly made on Defendant Boogie Media on October 15, 2012, a response to the Initial Complaint would be due on or about November 5, 2012. (Id. at ¶ 4). The Court granted the initial extension motion as follows: "Boogie Media, LLC's response [is] due November 15, 2012. Defendant Slava Krasnov's response shall be due within the time provided by the Federal Rules once he has been served." (Doc. # 10).

On November 15, 2012, Boogie Media filed its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. # 11). That Motion is ripe, and will be addressed via separate order.

On January 4, 2013, the Court entered its Case Management and Scheduling Order establishing the discovery cutoff date as September 23, 2013, setting the pretrial conference for March 13, 2014, and placing this case on the April 2014, trial term. (Doc. # 23).

On April 3, 2013, the Court entered an order indicating, "the record is not clear concerning whether Defendant Krasnov was served in this action . . . . Plaintiff is directed to submit proof of service as to Defendant Krasnov by April 8, 2013. Failure to do so may result in the dismissal of Defendant Krasnov without prejudice." (Doc. # 30). On April 5, 2013, Roca Labs filed the instant Motion seeking an unspecified extension of time in which to effect service of

process upon Krasnov. (Doc. # 31).

## II. Discussion

Rule 4(m) of the Federal Rules of Civil Procedure specifies that "[i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  The Rule also allows the Court to extend the time for service for "good cause" shown.

Good cause for a failure to serve within the time limit set forth in Rule 4(m) exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty Comr's, 476 F.3d 1277, 1281-82 (11th Cir. 2007).  "In determining good cause, courts have considered factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process." Pridemore v. Regis Corp., No. 3:10-cv-605, 2011 U.S. Dist. LEXIS 140, at *6 (M.D. Fla. Jan. 3, 2011).

As noted, the initial Complaint was filed on October 2, 2012.  Accordingly, the deadline for Roca Labs to effect service of process on Krasnov expired on January 31, 2013. Rather than moving for an extension of time to effect service before the deadline for service expired, Roca Labs waited for

two additional months after the expiration of the deadline to seek an extension of time for service. The Motion comes too late and is untimely filed. In addition, although the Motion indicates that Krasnov has not agreed to accept service and has not exactly cooperated with Roca Labs in Roca Labs's attempts to effect service, the Motion does not contain the specific allegation that Krasnov is evading service. The Motion, which is lacking in detail and not accompanied by an affidavit, fails to demonstrate good cause.

Even in the absence of good cause, however, this Court has discretion to extend the deadline for service of process. See Rule 4(m), Fed.R.Civ.P. Such a discretionary extension may be justified "if the applicable statute of limitations would bar" relief to the Plaintiff or "if the defendant is evading service or conceals a defect in attempted service." Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).

Roca Labs, the party responsible for prosecuting this action and for showing good cause for an extension, has not supplied the Court with any analysis of the limitations period for any of its claims. The Court's independent research shows that each of the four claims Roca Labs brings against Krasnov is subject to a four-year limitations period. The Eleventh Circuit has held that "The statute of limitations for a FDUTPA

claim is four years." Marlborough Holdings Group, Ltd. v. Azimut-Benetti, No. 11-14932, 2013 U.S. App. LEXIS 2216, at *15 (11th Cir. Jan. 31, 2013).  The statute of limitations for an unfair competition claim is also four years. See S. Grouts & Mortars, Inc. v. 3M Co., No. 07-61388, 2008 U.S. Dist. LEXIS 70222, at *8-9 (S.D. Fla. Sep. 17, 2008).

The federal trademark and cybersquatting statutes do not contain a limitations period; rather laches principles apply. See Kason Indus. v. Component Hardware Group, Inc., 120 F.3d 1199, 1203 (11th Cir. 1997)("The Lanham Act does not contain a statute of limitations.  However, in trademark cases, this circuit has followed the Sixth Circuit, which applies the period for analogous state law claims as the touchstone for laches."); see Tandy Corp. v. Malone & Hyde, Inc., 769 F.2d 362, 365 (6th Cir. 1985)("The Lanham Act does not contain a statute of limitations.  In determining when a plaintiff's suit should be barred under the Act, courts have consistently used principles of laches as developed by courts of equity."); What-A-Burger of Va. v. Whataburger of Corpus Christi, 357 F.3d 441, 449 (4th Cir. 2004)("Courts use the doctrine of laches to address the inequities created by a trademark owner who, despite having a colorable claim, allows a competitor to develop its product around the mark and expand its business, only then to lower the litigation boom.").

The Court considers the analogous state law claim of unfair competition, and determines that Roca Labs's federal claims would be subject to the same four year statute of repose. Nothing in the record leads this Court to the conclusion that any of Roca Labs's claims are nearing the expiration of the four year limitations period.

After considering the relevant factors, the Court determines that an extension of time for Roca Labs to effect service on Krasnov is not warranted. Roca Labs fails to demonstrate good cause for the requested extension, and a discretionary extension is not appropriate under the facts presented. The Court thus denies the Motion and dismisses Krasnov from this action without prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Roca Labs, Inc.'s Motion for Extension of Time to Serve Defendant Slava Krasnov (Doc. # 31) is **DENIED**.

(2) Slava Krasnov is dismissed from this action without prejudice due to Roca Labs's failure to effect service.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of April, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record