```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ROCA LABS, INC.,

        Plaintiff,
v.                             Case No.   8:12-cv-2231-T-33EAJ

BOOGIE MEDIA, LLC and SLAVA
KRASNOV,

        Defendants.
_____/

**ORDER**

      This matter is before the Court pursuant to Plaintiff Roca Labs, Inc.'s Motion to Postpone Mediation and Motion to Amend Case Management and Scheduling Order (Doc. # 38), which was filed on August 26, 2013. Defendant Boogie Media, LLC filed a Response in Opposition to the Motion (Doc. # 42) on August 30, 2013. Also before the Court is Plaintiff's Motion for Leave of Court to File a Response to Defendant's Response in Opposition to Motion to Postpone Mediation and Amend Scheduling Order (Doc. # 43), which was filed on September 3, 2013.

      For the reasons that follow, the Court denies Plaintiff's Motion to Postpone Mediation and Motion to Amend Case Management and Scheduling Order and denies as moot Plaintiff's request for leave to file a reply memorandum.

**Discussion**

Plaintiff initiated this trademark infringement action on October 2, 2012. (Doc. # 1). On January 4, 2013, the Court issued its Case Management and Scheduling Order (Doc. # 23) setting the deadline to add parties or to amend pleadings as May 22, 2013, establishing September 23, 2013, as the discovery deadline, designating October 22, 2013, as the dispositive motions deadline, setting the pretrial conference for March 13, 2014, and placing the case on the April 2014, trial term.  The Court directed the parties to mediate this case by October 9, 2013.

The parties filed a notice on January 31, 2013, indicating that they agreed to mediate before Jonathan C. Koch, Esq. and selected September 19, 2013, as their mediation date. (Doc. # 28).  On the same date, the Court entered an Order appointing Mr. Koch as the mediator and directing the parties to mediate in good faith. (Doc. # 29).

At this juncture, Plaintiff seeks an Order postponing the mediation conference and all case management deadlines until an unspecified date.  Plaintiff essentially indicates that it has sued the wrong legal entity because it is Century Sciences, LLC, and not Boogie Media, LLC, that has damaged

Plaintiff. Plaintiff postulates that Boogie Media no longer exists as a California corporation, and that Plaintiff should be permitted to start this action anew with Century Sciences as a Defendant. Plaintiff asserts in its Motion:

> At this time, it is not clear whether Boogie legally changed its name to an existing corporation, whether Century Sciences, LLC is Boogie's successor in interest, whether Boogie was extinguished as an entity or merged into Century Sciences, LLC, and several other issues regarding the companies' legal status individually and in relation to each other. In any event, once these things are known, Plaintiff will have to amend the Amended Complaint to include Century Sciences, LLC, and have it served, and issue discovery.

(Doc. # 38 at 3, ¶¶ 9-10).

The Court denies the Motion after finding that Plaintiff failed to take advantage of reasonable opportunities to discover relevant information concerning Boogie Media's corporate status. Specifically, Plaintiff has not propounded any written discovery on Boogie Media, and the time for Plaintiff to do so has expired. On this point, the Case Management and Scheduling Order explains: "Each party shall timely serve discovery requests so that the Rules allow for a response _prior_ to the discovery deadline." (Doc. # 23 at 3)(emphasis added). As previously noted, the discovery deadline expires on September 24, 2013, and the Federal Rules

of Civil Procedure --specifically, Rules 33, 34, and 36-- require a thirty day period to submit responses to interrogatories, requests for production, and requests for admissions.[1]

It appears that Plaintiff did not participate in discovery during the time period allotted by the Court. The Court sees no reason to now reward Plaintiff's dilatory approach to prosecuting this action by postponing the long-established mediation date and by enlarging the case management deadlines. Had Plaintiff timely taken advantage of the discovery tools available under the Local and Federal Rules, it is likely that Plaintiff would not be in its current undesirable position.

The Court encourages the parties to mediate in good faith and to work together to resolve the issues and pending motions remaining in this suit. In the instance that this case is not resolved at mediation, the case will remain on course for resolution under the current deadlines set forth in the Case Management and Scheduling Order.

---

[1] Furthermore, it appears that Defendant propounded written discovery requests on Plaintiff, and Plaintiff completely failed to respond. The record reflects that Defendant has filed a Motion to Compel Discovery. (Doc. # 40).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Postpone Mediation and Motion to Amend Case Management and Scheduling Order (Doc. # 38) is **DENIED**.

(2) Plaintiff's Motion for Leave of Court to File a Response to Defendant's Response in Opposition to Motion to Postpone Mediation and Amend Scheduling Order (Doc. # 43) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of September, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record